IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Shakeyra Gilbert, | Civil Action No.: 7:16-cv-03088-MGL-JDA |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION BY MAGISTRATE JUDGE** |
| City Of Spartanburg, Joseph Pilato, Maria Manriquez, South Carolina Department of Social Services, *all in their individual and official capacities*, | |
| Defendants. | |

Plaintiff brought this action seeking relief pursuant to 42 U.S.C. §1983. [Doc. 1.] On December 7, 2016, Defendant South Carolina Department of Social Services ("DSS") filed a motion for summary judgment. [Doc. 39.] On that same day, by Order of this Court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if she failed to respond adequately. [Doc. 40.] As Plaintiff is proceeding pro se, the Court filed a second Order on January 19, 2017, giving Plaintiff through February 8, 2017, to file her response to the motion for summary judgment. [Doc. 45.] Plaintiff was specifically advised that if she failed to respond, claims against this Defendant would be dismissed for failure to prosecute. [*Id*.] However, Plaintiff has failed to respond to the motion.

On December 28, 2016, Defendants Maria Manriquez, Joseph Pilato, and the City of Spartanburg moved to compel Plaintiff to provide responses to interrogatories and requests for production, and for their requests to admit to be deemed admitted. [Docs. 43, 44.] Plaintiff failed to respond to these motions. The Court granted Defendants' motion,

pursuant to Federal Rules of Civil Procedure 36, for Defendants' requests to admit be deemed admitted. [Doc. 49.] Further, the Court granted Defendants' motion to compel and Ordered Plaintiff to provide complete responses to interrogatories and requests for production within fifteen days. [Doc. 48.] The Court specifically warned Plaintiff that her failure to comply with the Court's Order may result in this action being dismissed for failure to comply with the Court's discovery rules and orders. [*Id.*] Despite this warning, Plaintiff has elected not to comply with the Court's Order. [Doc. 57.] Plaintiff has not communicated with Defendants. [*Id.*]

## APPLICABLE LAW

### Dismissal Under Rule 37

Rule 37 of the Federal Rules of Civil Procedure defines the sanctions a court may levy on a party who refuses to cooperate in discovery. Under Rule 37(a), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Under Rule 37(b), a district court may impose sanctions, including dismissal of claims, for a party's failure to comply with the court's discovery orders. Fed. R. Civ. P. 37(b)(2)(A); *see also Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642 (1976) (per curiam) (stating that the question on appeal is whether the district court abused its discretion by dismissing the action pursuant to Rule 37, "not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action"); *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) ("[T]he express terms of Rule 37 permit a trial court to impose sanctions when 'a party fails to obey an order to provide or permit discovery.'"

(quoting Fed. R. Civ. P. 37(b)(2))). "While the imposition of sanctions under Rule 37(b) lies within the trial court's discretion, '[i]t is not . . . a discretion without bounds or limits.'" *Hathcock*, 53 F.3d at 40 (quoting *Wilson v. Volkswagen of Am.*, 561 F.2d 494, 503 (4th Cir.1977)). Likewise, Rule 37(d) provides that a court may order sanctions, including dismissal, if "a party, after being properly served with interrogatories . . . fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A), (d)(3). With the sanction of dismissal, "the 'range of discretion is more narrow' than when a court imposes less severe sanctions." *Id.* (quoting *Wilson*, 561 F.2d at 503). Dismissal of a party's case for failure to comply with a court order or a discovery request "is a severe sanction which must be exercised with restraint, caution and discretion." *Zaczek v. Fauquier Cty. Va.*, 764 F. Supp 1071, 1077 (E.D. Va. 1991) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)).

To warrant dismissal, the offending party's conduct in the litigation must demonstrate a "pattern of indifference and disrespect to the authority of the court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 93 (4th Cir. 1992); *see Wilson*, 561 F.2d at 499–516. A court must consider four factors to determine whether the offending party's conduct demonstrates such a pattern and disrespect for the court. *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92. Specifically, a court must consider:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice [her] noncompliance caused [her] adversary, which necessarily includes an inquiry into the materiality of the evidence [s]he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Id.* (citing *Wilson*, 561 F.2d at 503–06).

In addition, the Fourth Circuit has emphasized the significance of providing a party with a clear warning regarding the possibility of dismissal before entering such a sanction. *Hathcock*, 53 F.3d at 40. While a district court may dismiss a party's case for noncompliance with the court's discovery order where the party's action constitutes "'flagrant bad faith'" and "'callous disregard'" of her responsibilities, *Nat'l Hockey League*, 427 U.S. at 643, the Fourth Circuit has held the dismissal power should be exercised only when the record clearly reflects delay or contumacious conduct by the plaintiff, *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978) (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)).

**Dismissal Under Rule 41**

Under Rule 41 of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the court may enter an order of involuntary dismissal. Fed. R. Civ. P. 41(b); *see also Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)) ("Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*."). In assessing whether dismissal is appropriate under Rule 41(b), a court evaluates (1) the degree of the plaintiff's personal responsibility for the failures; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4)

4

the availability of a less drastic sanction. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (holding the magistrate judge's prior explicit warning that a recommendation of dismissal would result if the plaintiff failed to obey the judge's order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning).

Although a pro se litigant is not held to the same high standards as an attorney, *see Hughes v. Rowe*, 449 U.S. 5, 10 n.7 (1980) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), pro se litigants must meet certain standards, including "respect for court orders without which effective judicial administration would be impossible." *Ballard*, 882 F.2d at 96; *see also Dancy v. Univ. of N.C. at Charlotte*, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) ("Although *pro se* litigants are given liberal treatment by courts, even *pro se* litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" (quoting *Ballard*, 882 F.2d at 96)); *Pack v. S.C. Wildlife & Marine Res. Dep't*, 92 F.R.D. 22, 25 (D.S.C. 1981) ("A pro se litigant . . . must meet certain standards. Among these are a good faith attempt to comply with the rules of discovery and to be present for trial." (internal citations omitted)). Accordingly, pro se litigants are also subject to the provisions of Rule 41.

## DISCUSSION

The standards for dismissal under Rule 37(b)(2) and Rule 41(b) are "virtually the same." *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400, 1994 WL 192031, at *2 (4th Cir. 1994) (per curiam) (unpublished table decision). Accordingly, to determine whether this action

should be dismissed for Plaintiff's failure to comply with discovery requests and the Court's orders, the Court must consider (1) whether Plaintiff acted in bad faith; (2) the amount of prejudice Plaintiff's noncompliance caused Defendants; (3) the need for deterrence of the sort of noncompliance exhibited by Plaintiff; (4) the effectiveness of less drastic sanctions; and (5) whether Plaintiff has a history of deliberately proceeding in a dilatory fashion. *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92; *Chandler Leasing Corp.*, 669 F.2d at 920.

**Whether Plaintiff Acted in Bad Faith**

The record in this matter reflects that Plaintiff acted in bad faith. First, Plaintiff has failed to comply with more than one order of the Court. Plaintiff has failed to respond to the Court's Orders requiring Plaintiff respond to DSS's motion for summary judgment. [Docs. 40, 45.] Further, Plaintiff has refused to respond to Defendants Manriquez, Pilato, and City of Spartanburg's discovery requests, the Court's Orders requiring Plaintiff to provide complete responses to interrogatories and requests for production, and a status update on compliance. [Docs. 48, 49, 52, 57.] Plaintiff has not provided Defendants with discovery, nor communicated with Defendants. [Doc. 57.]

Plaintiff has shown a pattern of indifference and disrespect for orders of the Court and the Federal Rules of Civil Procedure by failing to provide answers, or responses, which "must be treated as a failure to disclose, answer, or respond," Fed.R.Civ.P. 37(a) (4). The Court has given Plaintiff ample opportunity to comply and has provided notice that this action may be subject to dismissal if Plaintiff did not comply with the Court's orders

directing compliance. [Docs. 40, 45, 48, 52.] Instead of complying with the Court's orders, Plaintiff has chosen not to respond.

**Amount of Prejudice Caused to Defendants**

Plaintiff's refusal to respond to motions and fully cooperate with Defendants' request for discovery has impeded Defendants' efforts to defend this action. While it is true that "the district court's desire to enforce its discovery orders is confronted head-on by the [noncomplying] party's rights to a trial by jury and a fair day in court," *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92 (citing *Wilson*, 561 F.2d at 503-04), the Court finds Plaintiff's failure to provide Defendants with the requested information—after a request from opposing counsel and an order of the Court compelling disclosure—prevented Defendants from obtaining relevant, discoverable information and prejudiced Defendants' ability to prepare their case for trial. Consequently, Plaintiff's failure to comply with the Court's orders has materially prejudiced Defendants' defense of this lawsuit.

**Need for Deterrence**

The need for deterrence of conduct like Plaintiff's is significant. Any litigant's disregard for court orders that require disclosure of information directly related to claims and damages is behavior that must be deterred. *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93 (upholding the district court's finding that similar tactics "must obviously be deterred"). As stated by the Fourth Circuit, "[i]n such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to

flirt with similar misconduct." *Id.* at 92 (citing *Nat'l Hockey League*, 427 U.S. at 643; *Wilson*, 561 F.2d at 504). Plaintiff has demonstrated an unwillingness to conform to the Federal Rules and to abide by the orders of the Court. Without exercising the power to dismiss under such circumstances, judicial resources are wasted, judicial authority becomes worthless, and litigants are forced endure unreasonable delay and partial responses to discovery. Therefore, there is a need for deterring conduct like Plaintiff's by exercising the Court's discretion to dismiss Plaintiff's action.

**Availability of Lesser Sanctions**

Lesser sanctions are available, *see* Fed.R.Civ.P. 37(b)(2) (A)(i)-(vii), but would likely be ineffective. Moreover, the Fourth Circuit has recognized lesser sanctions can include any court orders that clearly warn of punishment for noncompliance. *See Anderson v. Foundation for Adv., Educ. & Emp't of Amer. Indians*, 155 F.3d 500, 505 (4th Cir. 1998). The Fourth Circuit has also held that a district court does not abuse its discretion by dismissing an action after issuing an explicit and reasonable warning. *Ballard*, 882 F.2d at 95-96.

Here, the Court has already provided multiple warnings to Plaintiff. [Docs. 40, 45, 48, 52.] Because Plaintiff's bad faith failure to respond and cooperate in discovery has been prejudicial to Defendants and has been in the face of Court warnings of severe sanctions, dismissal is the appropriate recourse. The previous warnings of the Court have afforded Plaintiff ample opportunity to correct her behavior and preserve her right to bring

suit. Accordingly, any sanction other than dismissal would fail to cure Plaintiff's determined obdurateness and impede the administration of justice.

**Whether Plaintiff Has a History of Proceeding in Dilatory Fashion**

The conduct displayed by Plaintiff, as described above, establishes Plaintiff has a history of proceeding in a dilatory fashion. Plaintiff has failed to respond to Defendant DSS's motion for summary judgment. Further, Plaintiff has failed to comply with Defendants Manriquez, Pilato, and City of Spartanburg's discovery requests despite Defendants' attempts to obtain the requested discovery and the Court's orders compelling discovery and warning of the possibility of dismissal of this action if Plaintiff failed to comply. Consequently, the record in this action establishes Plaintiff has a history of proceeding in a dilatory fashion.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that this action be DISMISSED pursuant to Federal Rules of Civil Procedure 37 and 41(b). Alternatively, if the Court declines to dismiss this action against all Defendants, DSS's motion for summary judgment [Doc. 39] should be granted based on Plaintiff's failure to prosecute this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

                                                  s/Jacquelyn D. Austin

February 24, 2017                          Jacquelyn D. Austin
Greenville, South Carolina             United States Magistrate Judge